```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,
                                                    MEMORANDUM AND ORDER
                                                    02-CR-1188(JS)
          -against-


JOSE LUIS VALLEJO,

                    Defendant.
----------------------------------------X
APPEARANCES
For the Government:  Allen Lee Bode, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722

For the Defendant:   Jose Luis Vallejo, pro se
                     #64800-053
                     Moshannon Valley Correctional Facility
                     551-I Geo Drive
                     Phillipsburg, Pennsylvania 16866
```

SEYBERT, District Judge:

Pending before the Court is pro se Defendant Jose Luis Vallejo's ("Defendant" or "Vallejo") (1) Motion for Reconsideration and Resentencing pursuant to 18 U.S.C. § 3582(c)(2) (Def.'s Recons. Mot., D.E. 989); and (2) Motion for Relief pursuant to United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (Def.'s Holloway Mot., D.E. 990). The Government argues that the Court should reject Defendant's Motion for Reconsideration pursuant to § 3582(c)(2) as it is both successive and without merit. (See Gov't's Recons. Opp., D.E. 991.) In

addition, the Government declines to consent to relief pursuant to Holloway. (See Gov't's Holloway Opp., D.E. 992.) For the reasons discussed below, Defendant's motions are DENIED.

BACKGROUND

Defendant pled guilty to conspiring to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §§ 959(c), 963, 960(a)(3), and 960(b)(1)(B)(ii). (See J., D.E. 812, at 1.) On October 7, 2011, this Court sentenced Defendant to a term of 160 months of imprisonment. (See J. at 2.)

Defendant did not appeal his conviction or sentence to the Second Circuit Court of Appeals, nor did Defendant file a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. On November 9, 2015, Defendant filed his first motion to reconsider and reduce his sentence pursuant to 18 U.S.C. § 3582(c), arguing that he was entitled to relief pursuant to Amendment 782 to the United States Sentencing Guidelines. (See Def.'s First Mot., D.E. 952.) On April 27, 2016, this Court denied the motion, finding that Amendment 782 did not alter Defendant's Sentencing Guidelines range "because the amount of drugs that the P.S.R. found him to be appropriately accountable for was a mixture of drugs under [the] marijuana equivalent of 259,255 Kg." (See Apr. 2016 Order, D.E. 963.) Defendant appealed the Court's denial of the motion to the Second Circuit. (See Notice of Appeal, D.E.

964.)  On July 11, 2017, the Second Circuit dismissed Defendant's appeal.  (See Mandate, D.E. 980.)

On October 29, 2018, Defendant filed this motion to reconsider and reduce his sentence, pursuant to § 3582(c), challenging the drug amount for which he should be deemed responsible and again arguing that Amendment 782 lowered his Sentencing Guidelines range.  (See Def.'s Recons. Mot. at 5-9.)  Defendant also filed a motion seeking relief, in the alternative, pursuant to United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).  In the Holloway motion, he compels the Court to ask the Government to consent to a reduction in sentence.  (See Def.'s Holloway Mot..)  On November 14, 2018, the Government opposed both motions, arguing that they should be denied because (1) Defendant is ineligible for a sentence reduction and (2) the Government does not consent to a sentence reduction pursuant to Holloway.  (See Gov't's Recons. Opp.; Gov't's Holloway Opp.)

DISCUSSION

I. Legal Standard

The Supreme Court has explained that § 3582(c)(2) does not establish resentencing proceedings, but "[i]nstead, [ ] provides for the modif[ication of] a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission."  Dillon v. United States, 560 U.S. 817, 825, 130 S. Ct. 2683, 2690, 177 L.

3

Ed. 2d 271 (2010) (internal quotation marks and citations omitted; third alteration in original). Accordingly, § 3582(c) "provides for modification of a sentence in only three specific circumstances," and a Defendant "need only show that his case falls within one of these three types of situations" to properly proceed under § 3582(c). United States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001). The § 3582(c) scenarios are:

> First, a sentence may be modified when such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute. Second, it may be modified when there has been an amendment to a relevant provision of the Sentencing Guidelines. Third, a sentence may be modified upon motion of the Director of the Bureau of Prisons, if the court finds that extraordinary and compelling reasons warrant such a reduction, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

United States v. Angelo, No. 02-CR-743, 2011 WL 5855402, at *2 (E.D.N.Y. Nov. 18, 2011) (internal quotation marks and citations omitted). Thus, as "Section 3582(c)(2) authorizes only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding, the sentencing court is not free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Flamenco, No. 07-CR-327, 2015 WL 5944187, at *1 (E.D.N.Y. Oct. 13,

2015) (internal quotation marks and citations omitted; alterations in original).

Accordingly, when considering motions for reconsideration and reduction of sentences pursuant to § 3582(c)(2), Courts first determine whether the defendant is eligible for sentence reduction under the limited provisions of § 3582(c). See United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). "If, and only if," a defendant satisfies one of the § 3582 provisions, Courts then consider whether a reduction "is warranted in whole or in part under the particular circumstances of the case." Id. (quoting Dillon v. United States, 560 U.S. at 827, 130 S. Ct. at 2692.)

Defendant contends that he is entitled to a sentence reduction pursuant to Amendment 782, which altered the Sentencing Guidelines by "modif[ying] the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses." United States v. Abreu, 155 F. Supp. 3d 211, 213 (E.D.N.Y. 2015) (citing to U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014)). As previously determined, the amount of drugs for which Defendant was found accountable was not an amount altered by Amendment 782. However, even if Defendant's Sentencing Guidelines range was altered by Amendment 782, Defendant has still not demonstrated that a

reduction in sentence is warranted under the circumstances of his case.

In the alternative, Defendant asks the Court to encourage the Government to consent to a sentence reduction pursuant to Holloway. For context, in Holloway, a defendant was convicted after trial of multiple counts of 18 U.S.C. § 924(c), which at the time called for a sentence of "a mandatory 5 years for the first [§ 924(c) count]; a mandatory 20 [years] for the second; another mandatory 20 [years] for the third . . . [and] that those terms be consecutive to each other . . . produc[ing] a total prison term of 57 years and 7 months." Holloway, 68 F. Supp. 3d at 312-13. In Holloway, after exhausting multiple appeals and collateral attacks to his conviction and sentence, the defendant filed a motion to re-open a collateral attack to his conviction and sentence due to the excessive nature of his sentence, the District Court Judge submitted a request to the United States Attorney's Office to exercise its discretion to vacate at least two of defendant's convictions under § 924(c) to permit resentencing. Id. at 314. The Government engaged in a "long and careful consideration" of the defendant's circumstances, emphasizing the defendant's exemplary conduct while incarcerated and the support of some of the victims of defendant's prior crimes. Id. at 315. The Government agreed to the vacatur of two of

defendant's § 924(c) convictions, allowing for his resentencing. Id.

Here, as Defendant concedes, the Court does not have the discretion to vacate his conviction or sentence pursuant to Holloway without the Government's consent, and the Government does not consent to such a reduction. In addition, this Court does not find that Defendant's circumstances are analogous to the Holloway defendant's. Defendant lists a number of justifications for reducing his sentence, including that: (1) he had "never [ ] been part . . . of the North of Valley Cartel in Colombia but, unfortunately, was included in the indictment along with [the members of the cartel]; (2) he "provided the Government with important information about his case but did not receive the benefit of the safety valve provision"; (3) he had not received the benefit of Amendment 782 and he should not be accountable for the drug amount listed in the P.S.R.; and (4) his mother is suffering from chronic illness. (See Def.'s Holloway Mot. at 5-6.) The Court has fully considered Defendant's proffered reasons for a reduction in sentence and does not find that justice demands a reduction in sentence, as it did in Holloway.

In sum, the Court finds that Defendant has not demonstrated that he is entitled to a sentence departure pursuant to Holloway or that he is entitled to relief under any of the provisions of § 3582(c). Accordingly, the Court finds that

7

Defendant has offered no new information to warrant a reduction in his sentence.

## CONCLUSION

For the foregoing reasons, Defendant's Motions for Reconsideration and Resentencing (D.E.'s 989 & 990) are DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  28 , 2019
       Central Islip, New York